UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHRISTOPHER CHARLES BALDWIN<br>and CHARLES ALBERT BALDWIN III | CIVIL ACTION |
| | No. 08-1274 |
| VERSUS | |
| | SECTION I/1 |
| NEW ORLEANS & GULF COAST<br>RAILWAY COMPANY and TRACY<br>ULM | |

ORDER AND REASONS

Before the Court is a motion to remand,[1] filed on behalf of plaintiffs, Christopher Charles

Baldwin and Charles Albert Baldwin III (the "Baldwins").  Defendants, New Orleans & Gulf

Coast Railway Company ("NOGCR") and Tracy Ulm ("Ulm"), have opposed the motion.[2]

Plaintiffs seek to have the case remanded to state court.  For the following reasons, plaintiffs'

motion is **GRANTED**.


*BACKGROUND*

This case arises out of plaintiffs' use of a vehicular grade crossing over NOGCR's

railroad tracks; the crossing leads from plaintiffs' enclosed property to Louisiana Highway 23.[3]

Representatives of NOGCR, including Ulm, allegedly approached the Baldwins intending to

---

[1] R. Doc. No. 7.

[2] R. Doc. Nos. 10, 20.

[3] R. Doc. No. 10-2, petition ¶8.

remove the grade crossing if the Baldwins would not submit a permit application.[4]  Although

they contend the crossing is in good condition and compliant with federal regulations,[5] the

Baldwins have offered to assume any repair and maintenance costs caused by any defect in the

crossing.[6]  The Baldwins allege that removal of the grade crossing will cause them immediate

harm by preventing deliveries to their enclosed property or construction activities from occurring

on that property.[7]

On March 13, 2008, the Baldwins filed a petition for a temporary restraining order,

preliminary injunction, and permanent injunction in the 24th Judicial District Court for Jefferson

Parish.  The next day, NOGCR removed the case to federal court, alleging both federal question

jurisdiction and diversity jurisdiction.[8]  Once the case was removed, it was allotted to Section R

of this Court, before District Judge Sarah Vance.  On April 18, 2008 Judge Vance continued the

preliminary conference of April 28, as the case was related to a matter — New Orleans & Gulf

Coast Railway Co. v. Barrois, No. 04-2924 — whose appeal was then pending before the Fifth

Circuit.[9]  On May 21, 2008, Judge Vance transferred this case to Section I, where the original,

related Barrois case had been allotted.

On June 25, 2008, the Fifth Circuit affirmed this Court's order remanding the Barrois

proceedings to state court.  See New Orleans & Gulf Coast Ry. Co. v. Barrois, 533 F.3d 321 (5th

---

[4] Id. ¶9.

[5] Id. ¶12.

[6] Id. ¶14.

[7] Id. ¶¶10, 15.

[8] R. Doc. No. 10-3, notice of removal ¶¶4, 13.

[9] R. Doc. No. 5.

Cir. 2008).  The Fifth Circuit held that NOGCR "failed to establish any basis for federal

jurisdiction."  Id. at 338.  Relying on the Fifth Circuit's opinion in Barrois, the Baldwins moved,

on July 3, 2008, to remand their case to state court.  They allege that this Court lacks subject

matter jurisdiction because there is no federal question on the face of the complaint and because

diversity of citizenship is lacking.

*LAW AND ANALYSIS*

**I.      Standard of Law**

A district court must remand a case to state court if "at any time before final judgment it

appears that the district court lacks subject matter jurisdiction."  28 U.S.C. § 1447(c) (2006);

Preston v. Tenet Healthsys. Mem'l Med. Ctr., Inc., 485 F.3d 804, 813 n.3 (5th Cir. 2007).  The

burden of establishing that federal jurisdiction exists in a case "rests on the party seeking the

federal forum."  Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir. 2001).  The removal

statute is to be strictly construed.  Gasch v. Hartford Accident & Indem. Co., 491 F.3d 278, 281

(5th Cir. 2007).  Any "doubts regarding whether removal jurisdiction is proper should be

resolved against federal jurisdiction."  Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th Cir.

2000).  In order to determine whether jurisdiction is present, a court must "consider the claims in

the state court petition as they existed at the time of removal."  Manguno v. Prudential Prop. &

Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002).

II.     **Diversity Jurisdiction**

The Baldwins contend that this Court lacks subject matter jurisdiction under 28 U.S.C.

§ 1332 because the parties are not diverse.  They assert that the principal business activities of

NOGCR occur entirely within Louisiana.[10]  NOGCR contends that its principal place of business

is not Louisiana, but Fort Worth, Texas, and that it should be considered a citizen of Texas for

diversity purposes.[11]  NOGCR essentially asks this Court to reconsider its ruling in the earlier,

related case that its principal place of business is Louisiana.  NOGCR further argues that

plaintiffs' naming of Ulm, a Louisiana citizen, in the petition is an improper attempt to defeat

diversity.[12]

As an initial matter, the Baldwins incorrectly state that diversity jurisdiction is

unavailable to NOGCR because of the Fifth Circuit's ruling in Barrois.  The Fifth Circuit did not

address the diversity question because NOGCR chose not to appeal this Court's diversity ruling

in the appellate proceedings.  See Barrois, 533 F.3d at 327.

With respect to NOGCR's principal place of business, this Court found that

> NOGCR's corporate headquarters, its "nerve center," is in Fort
> Worth, Texas. Its shareholders, corporate parent, officers, and
> capital accounts are located there.  The office in Fort Worth
> handles the company's decision-making and its negotiations with
> foreign customers.  NOGCR, however, conducts all of its activities
> in Louisiana. NOGCR has a local office in Louisiana; its physical
> assets are located in Louisiana, and it is a member of several
> Louisiana organizations and associations.  NOGCR conducts no
> activities outside of Louisiana. . . . [T]he Court finds that
> [NOGCR] is a corporation that has its sole operation in one state

---

[10] R. Doc. No. 15, reply 1.

[11] R. Doc. No. 20, surreply 2.  It is undisputed that NOGCR is a Delaware corporation.

[12] R. Doc. No. 10, mem. opp'n 10.

and executive offices in another; accordingly, the place of activity
is regarded as more significant, and the Court finds that plaintiff's
principal place of business is in Louisiana.  Because complete
diversity does not exist between the parties, the Court does not
have jurisdiction over this case pursuant to 28 U.S.C. § 1332.

New Orleans & Gulf Coast Ry. Co. v. Barrois, No. 04-2924, 2006 WL 2666303, at *6 (E.D. La.

Sept. 14, 2006) (footnotes omitted).  Upon reconsideration of the identical question — the

principal place of business of NOGCR — the Court sees no reason to disturb its finding in the

earlier case.[13]  Because NOGCR and the Baldwins lack diversity of citizenship, the Court need

not consider whether Ulm was improperly joined as a defendant.  Subject matter jurisdiction

based on 28 U.S.C. § 1332 is lacking in this case.

### III.    Federal Question Jurisdiction

Federal question jurisdiction under 28 U.S.C. § 1331 is the remaining avenue to support

removal of the case.  Relying on the Fifth Circuit's opinion in Barrois, the Baldwins argue that

there is no federal question jurisdiction under 28 U.S.C. § 1331.  NOGCR, meanwhile, submits

two bases for the exercise of federal question jurisdiction: 1) complete preemption of plaintiffs'

claims by the Interstate Commerce Commission Termination Act ("ICCTA"); and 2) complete

preemption of plaintiffs' claims by the Federal Railroad Safety Act ("FRSA").

These bases were both rejected by the Fifth Circuit in the Barrois case.  With respect to

the ICCTA, the court ruled that NOGCR "has not established that § 10501(b) of the ICCTA

completely preempts Article 689 and the Louisiana statutory scheme for enclosed estate

---

[13] NOGCR makes essentially the same arguments for designating Texas as its principal place of business as it did when facing a motion to dismiss in the related case.  See Barrois, No. 04-2924, 2006 WL 1781873, R. Doc. No. 177, mem. opp'n 34-40 (May 12, 2006).

owners." Barrois, 533 F.3d at 336.  Considering the FRSA preemption question, it went on to

"conclude that the [NOGCR] has failed on the facts of this case to establish that the Louisiana

statutory scheme for enclosed estate owners is completely preempted under the FRSA." Id. at

338.  Though the court left open the possibility that the complete preemption doctrine might

apply in distinct circumstances from those before it, this case does not present such

circumstances.[14]

    In an attempt to avoid the effect of Barrois, NOGCR argues that Franks Investment Co.,

LLC v. Union Pacific Railroad Co., 534 F.3d 443 (5th Cir. 2008), compels the exercise of this

Court's jurisdiction.  Franks concerned a Louisiana landowner seeking an injunction against a

railroad compelling it to reinstall two destroyed railroad crossings. Id. at 444.  The landowner

sued in state court pursuant to Louisiana Code of Civil Procedure 3655; the railroad removed on

diversity grounds.  Following a bench trial, the court ruled that the landowner's state law claim

was expressly preempted by the ICCTA. Id.

    NOGCR contends that Franks is "an action both procedurally and substantively identical

to this case."[15]  That claim is incorrect.  In Franks, the district court had jurisdiction on diversity

grounds, and on that basis went on to conduct a trial and hold that the state claim was preempted

by the ICCTA. Id. at 444.  There was no dispute over the court's subject matter jurisdiction in

---

[14] NOGCR argues that "the installation of crossings which are done purely by a landowner with no knowledge of railroad operations, standards or rules, puts not only railroad workers but also the public at risk." Mem. opp'n 9.  However, as the Barrois court stated in its FRSA discussion, "the Railroad has failed to allege any safety issue under the FRSA that arises from the operation or application of Article 689 as opposed to the actions of private parties." Barrois, 533 F.3d at 337 (emphasis added).  Again, NOGCR argues that private acts, rather than the operation of state law, implicate a federal question.

[15] Mem. opp'n 5.

Franks.[16]

Diversity jurisdiction enabled the Franks district court to entertain the railroad's ICCTA

preemption argument on the merits and conclude that the state claim was preempted.  ICCTA

preemption was not a basis for subject matter jurisdiction in the first place.  Here, because the

parties are not diverse, the existence of a federal question must be established.  For the reasons

articulated by this Court and the Fifth Circuit in the Barrois proceedings, the doctrine of

complete preemption fails to establish a federal question.  Therefore, this Court lacks jurisdiction

under 28 U.S.C. § 1331.


**IV.     Conclusion**

Because this Court lacks subject matter jurisdiction, **IT IS ORDERED** that the

Baldwin's motion to remand is **GRANTED** and that this action be **REMANDED** to the 24th

Judicial District Court for Jefferson Parish.

New Orleans, Louisiana, August 27, 2008

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

---

[16] The Franks case also did not involve an enclosed landowner and, therefore, article 689 was not in question.  Without reaching the significance of this distinction, the Court simply points out that Franks is far from "procedurally and substantively identical" to the instant action.